**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-5065**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

HAROLD PHILLIP AMOS,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Joseph R. Goodwin, District Judge. (2:06-cr-00086)

Submitted: December 19, 2007          Decided: January 4, 2008

Before WILKINSON, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael R. Cline, MICHAEL R. CLINE LAW OFFICE, Charleston, West Virginia, for Appellant. Charles T. Miller, United States Attorney, W. Chad Noel, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Harold Phillip Amos was convicted of possession of oxycodone with intent to distribute, 21 U.S.C. § 841(a) (2000), and was sentenced to a term of 120 months imprisonment. Amos' attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning the district court's determination that Amos obstructed justice by giving perjured testimony at his trial, see U.S. Sentencing Guidelines Manual § 3C1.1 (2005), but stating that, in his view, there are no meritorious issues for appeal. Amos has filed a pro se supplemental brief challenging the obstruction of justice adjustment and his criminal history score. We affirm.

Amos was arrested with a large number of oxycodone pills after he arranged to sell oxycodone to an informant. At his trial, he testified that the oxycodone he possessed when he was arrested was for his own use. The district court determined that he had testified falsely. Our review of the record discloses that the district court's decision was not clearly erroneous and that its findings were adequate under United States v. Dunnigan, 507 U.S. 87 (1993).

In his pro se supplemental brief, Amos argues that he was incorrectly awarded two criminal history points for committing the instant offense, including any relevant conduct, while on probation. USSG § 4A1.1(d), comment. (n.4). Because this issue was not raised in the district court, it is reviewed for plain

error.  United States v. Olano, 507 U.S. 725, 732-37 (1993).  The two points were awarded in the presentence report based on the informant's testimony that she bought oxycodone from Amos for two years prior to her arrest on March 3, 2006.  Amos resided in Baltimore, Maryland, but made regular visits to West Virginia.  He was convicted of a firearm offense and possession of oxycodone in West Virginia in 2005 and sentenced to one year of probation, which apparently ended on February 23, 2006.  At the sentencing hearing, the district court decided that the informant was not credible as to the drug quantities she said she purchased from Amos, but concluded that he had sold her oxycodone at some point prior to his arrest on March 27, 2006.  Although the court made no finding concerning specific prior transactions between Amos and the informant, we conclude that Amos has not shown that error occurred, i.e., that he did not sell the informant oxycodone while he was on probation.  If error did occur, it was not plain.

Pursuant to Anders, we have examined the entire record and find no meritorious issues for appeal.  Accordingly, we affirm the district court's judgment.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that such a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion

must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
